SCHAFFER VS CASTLE ET AL.

Opinion delivered October 27, 1906.

(91 S. W. Rep. 35).

1. *Chattel Mortgage—What Title Passes by—Tender after Default.*

A chattel mortgage is a conveyance of the legal title to the property mortgaged, subject to be defeated by payment of the debt on a fixed date, and upon default of payment this title becomes absolute and the mortgagor has no right, save the equity of redemption, which a Court of Equity can alone enforce.  A tender of payment after default does not divest the mortgagee of his title.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Louis Sulzbacher, December 22, 1904.

Action by C. E. Castle and another against George Schaffer.  From a judgment for plaintiffs, defendant appeals. Reversed.

On March 28, 1902, L. A. Younger executed a chattel mortgage on two horses, a wagon, and set of harness to George Schaffer, the appellant, to secure a debt of $35, and all other indebtedness which might be due on October 1, 1902, at which time the debt secured by the mortgage was payable.  Default

was made, and some time prior to June 22, 1903, Schaffer brought his action in replevin for the property mortgaged. On June 22, 1903, a trial was had, and verdict for Schaffer for the possession of the property to secure the sum of $20.98 found due Schaffer, and costs amounting to $31.92. On the day of the trial of the replevin suit L. A. Younger executed to C. E. Castle and W. T. Hunt, the appellees herein, a mortgage on the above-described property to secure the payment of $50. On July 27, 1903, and before Schaffer had sold the property, Younger made a tender to Schaffer of the amount found due under the mortgage, and costs, which Schaffer refused to accept, but the tender, as shown by the record, was not kept good. The appellees herein, Castle and Hunt, then instituted this action in replevin against Schaffer for the possession of the property under their mortgage from Younger. The case was tried before the court, and the court found for Castle and Hunt for the possession of the property, or its appraised value, $85, from which judgment this appeal is taken.

*Chas. G. Watts, De Roos Bailey*, and *Thos. H. Owen*, for appellant.

*E. L. Moore* and *Joe H. Ford*, for appellees.

CLAYTON, J. (after stating the facts). The principal question in this case is, was the tender, after default of the terms of the chattel mortgage, of the amount due under the mortgage, sufficient to release the property from the lien of the mortgage? It is admitted in this case that the conditions of the mortgage from Younger to Schaffer had been broken, and that there was a balance due and unpaid secured by the mortgage. Unquestionably, then, the mortgagee had the right to the possession of the mortgaged property, and rightfully recovered in the replevin

action.    The tender was not made until after judgment awarding
possession had been rendered, and was not kept good.    Under
our laws, a chattel mortgage is a conveyance of the legal title
to the property mortgaged, subject to be defeated upon the
payment of the debt secured at a day fixed, and upon default
this title becomes absolute, and the mortgagor has no right,
save the equity of redemption, which a Court of Equity alone
can enforce.    Most of the states hold that a tender after de-
fault and possession by mortgagee is not sufficient to divest
title, even where followed by a tender of money into court;
and none hold that a tender not made good in this way is suffi-
cient.    "The legal title of the property vests in the mortgagee
after condition broken, leaving nothing but an equitable right
to redeem in the mortgagor.    The mortgagee, until he has de-
manded possession, or taken some step to enforce the forfeiture
may, perhaps, be considered as waiving his strict legal right;
but after such demand or proceeding to enforce his right the
mortgagor certainly has nothing but an equitable right to re-
deem.    The effect of a tender after this cannot be to discharge
the lien and reinvest the mortgagor with the legal title, unless
such tender be kept good."    Jones, Chat. Mort. § 635.    In
New York and Michigan it is held, in cases relating to mort-
gages of real property, that it is not necessary to bring the money
into court and keep the tender good in order to extinguish the
lien of the mortgage, although such a tender does not operate
in the way of payment of the debt.    In these and other states
a mortgage of real property is not considered as vesting the
legal title, but only a lien, in the mortgagee before foreclosure.
But this rule in regard to the effect of a tender does not in New
York apply in case of a mortgage of personal property, because
in that state, as well as in nearly all the other states, such a
mortgage vests the legal title, and not merely a lien, in the
mortgagee."    Id. § 636.    "As it is now well settled that default
makes the mortgagee's legal title and right to possession com-

plete, it will be seen that an unaccepted tender, made after default, is upon a different basis from the like tender made before default. It is generally held that such a tender, made after default of payment at the stipulated time, must be kept good, or it will be entirely unavailing." Cobbey, Chat. Mort. § 887. "Where the mortgagee of chattels takes possession after condition broken, the mortgagor, who has subsequently tendered the sum due on the mortgage, but has not kept the tender good by paying the money into court, cannot maintain replevin for the property." Cobbey on Replevin, § 179.

Section 4754 of Mansfield's Digest (Ind. Ter. Ann. St. 1899, § 3065) provides as follows: "In the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession." The principal case relied upon by appellees in support of their contention that a tender after default discharges the lien is Mitchell et al., vs Roberts (C. C.) 17 Fed. 776. But that case is strongly against them. Notes had been pledged to the bank as collateral. After maturity of the debt tender was made, and a return of the collateral demanded, which was refused on the ground that the owner of the collateral was indebted to the bank on another obligation, but which was not covered by the collateral in any way. An application to enjoin the bank from selling the collateral was sustained. It was contended by the bank that a tender after the breach of the conditions of a mortgage did not operate to discharge the lien. The court conceded the correctness of this doctrine, but held that notes deposited as collateral were not mortgaged, but merely deposited as a pledge, and that, while a mortgage is a transfer of title, to be void upon payment of the debt, a pledge is merely a transfer of possession, to be held as a security for the debt, and that after default the title remains in the pledgor until after fore-

closure or sale after notice.    Inasmuch, therefore, as the mortgagor could not maintain replevin for the property, the parties claiming under him had no·greater rights.

For the reasons stated, the cause is reversed, and remanded for further proceedings not inconsistent with this opinion.

TOWNSEND, and GILL, JJ., concur.   RAYMOND, C. J., not participating.